UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 09-123 |
| CHARLES MOSS AND JERMAINE SURTAIN | SECTION: "S" |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Charles Moss's Motion for Post-Verdict Judgment of Acquittal as to Count 12 Pursuant to Rule 29 of the Federal Rules of Criminal Procedure (Doc. #244) is **DENIED.**

**IT IS FURTHER ORDERED** that Jermaine Surtain's Motion for Post-Verdict Judgment of Acquittal as to Counts 1 and 12 Pursuant to Rule 29 of the Federal Rules of Criminal Procedure (Doc. #245) is **DENIED.**

BACKGROUND

On January 10, 2011, David Samuels, Charles Moss and Jermaine Surtain proceeded to trial on a superseding indictment, in which they were charged with conspiracy to commit mail and wire fraud (Count 1), two counts of mail fraud (Counts 3 and 4), wire fraud (Count 11), use of fire to commit obstruction of justice (Count 12), and use of fire to commit mail fraud (Count 13). Samuels was also charged with one additional count of mail fraud (Count 2) and six additional counts of wire fraud (Counts 5-10). These counts all arose out of an alleged plot to murder Treyor August to collect on life insurance policies, and to burn a van allegedly used during the murder to destroy

evidence and collect on an automobile insurance policy. Moss and Samuels were also charged with use of fire to commit mail fraud in a homeowners insurance scam in connection with a house fire that occurred on December 2, 2002 (Count 14). Further, Samuels was charged with making false statements to a special agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives (Count 15).

On January 21, 2011, the jury returned a verdict of guilty as to Moss on Counts 1, 12, and 14, and as to Surtain on Counts 1 and 12. The jury acquitted Moss and Surtain on the other counts of the superseding indictment in which they were charged. Moss filed a motion for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure as to Count 12, and Surtain filed a Rule 29 motion as to Counts 1 and 12. They argue that the evidence adduced at trial is insufficient to sustain their convictions on these counts.

Count 1 of the superseding indictment charged Moss and Surtain with conspiring with David Samuels and others to commit mail and wire fraud by murdering August to collect on life insurance policies. The testimony at the trial established that August was Samuels' cousin. In July 2003, August's sister, Christina August Rai, shared an apartment with their cousin Maria Samuels and Surtain. Maria Samuels is David Samuels' sister, and she was involved in a relationship with Surtain. Surtain was a drug dealer and always had money in the apartment. August needed money to support his children. Rai stole $2,300 of Surtain's money and gave it to August. Surtain believed that August stole the money and swore that he was going to get revenge on August.

In 2003, Samuels obtained three insurance policies on August's life without August's knowledge or consent. Samuels named himself, his sister, and his mother as the beneficiaries of the

life insurance policies. Samuels' brother, Christopher Samuels, and an acquaintance, Tony Veal, testified that Samuels asked each of them separately to murder August in exchange for a portion of the insurance proceeds.

On April 24, 2004, Moss picked up August in Samuels' 1992 Chrysler Town and Country van under the pretense of taking August out for his birthday. Debria Rogers, Surtain's former girlfriend, testified that on April 24, 2004, she took Surtain to a club on Tulane Avenue to meet with some men. After the meeting, she drove Surtain and one of the men to a house where they usually hung out. The man went into the house and got bullets or a gun and gave them to Surtain. Surtain shot a gun out of the window. Then Rogers dropped Surtain off at a cousin's house in the Mid-City area of New Orleans near Bienville Street.

At 9:19 p.m. and at 9:37 p.m. on April 24, 2004, telephone calls were placed from a cellular telephone number associated with Surtain to a cellular telephone number associated with Moss. Thereafter, Moss and August arrived at 3300 Bienville Street where August was shot in the front passenger seat of the van. August ran down the street, was shot again, and died at the scene.

Orlando Brown, Surtain's cell mate in St. Bernard Parish Prison, testified that he and Surtain discussed their pending federal cases that each involved insurance policies. Brown testified that Surtain told him that if all had gone as planned with August's death, he would be "straight," which Brown thought meant that Surtain would be "tooken (sic) care of" financially. Brown also testified that Surtain told him that he would not be convicted because he was not the primary beneficiary on the insurance policies.

Between April 24, 2004, and May 8, 2004, numerous telephone calls were placed between numbers associated with Samuels and Moss and between numbers associated with Samuels and Surtain.

On May 7, 2004, Samuels moved the van in the driveway of his house to a point further away from the house claiming that he was going to wash the van the next day. At 9:31 p.m. on May 7, 2004, a call was made from a cellular telephone number associated with Samuels to a cellular telephone number associated with Surtain. At 9:33 p.m. on May 7, 2004, Moss, who was in Michigan, called Samuels' home telephone. Samuels' ex-wife, Yolanda Fleming answered the phone and gave it to Samuels. Samuels and Moss spoke for four minutes. Samuels went out. At 1:12 a.m. on May 8, 2004, Samuels called home, awakened Fleming, and asked her if the van was okay. She replied that it was. At 1:13 a.m. on May 8, 2004, Samuels called Surtain and they spoke for five minutes. At 1:22 a.m. on May 8, 2004, Samuels called Surtain again and they spoke for five minutes. Samuels testified that his conversations with Surtain were about obtaining drugs. Just before 3:00 a.m. on May 8, 2004, Fleming was awakened by the van exploding. The video camera positioned on the van captured two masked African American males walk around the driver's side and rear of the van to the passenger's side, where they broke the window, poured in accelerant, and ignited the fire that destroyed the van.

## ANALYSIS

**A.     Legal standard**

"Rule 29 ... tests only the sufficiency of the evidence introduced at trial to support the crime charged." United States v. Hope, 487 F.3d 224, 225 (5th Cir. 2007). Rule 29(a) provides in relevant part that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." When considering a Rule 29 motion, the court must "consider the evidence, all reasonable inferences drawn from it and all credibility determinations in the light most favorable to the government and [determine] if a reasonable jury could find the offense's essential elements beyond a reasonable doubt." United States v. Medina, 161 F.3d 867, 872 (5th Cir. 1988). The court assesses "whether a reasonable jury could have properly concluded, weighing the evidence in a light most deferential to the verdict rendered by the jury, that all of the elements of the crime charged had been proven beyond a reasonable doubt." United States v. Hope, 487 F.3d at 227-28. "[I]f the fact finder was presented with sufficient evidence to support the verdict reached, that verdict must be upheld." United States v. Lucio, 428 F.3d 519, 522 (5th Cir. 2005). "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence." United States v. Mitchell, 484 F.3d 762, 768 (5th Cir. 2007) (internal quotation and citation omitted). The "standard of review does not change if the evidence that sustains the conviction is circumstantial rather than direct." Id. "But the evidence presented must allow the jury to find every element of the offense beyond a reasonable

doubt." United States v. Uvalle-Patricio, 478 F.3d 699, 701 (5th Cir. 2007) (internal quotation and citation omitted).

Circumstantial evidence is evidence from which the jury can draw logical inferences to determine another fact. See United States v. Jones, 49 F.3d 628, 633 (10th Cir. 1995). However, "[a] jury will not be allowed to engage in a degree of speculation and conjecture that renders its finding a guess or mere possibility. Such a finding is infirm because it is not based on the evidence." Id. (quotations omitted). Importantly, speculation cannot substitute for proof beyond a reasonable doubt, and jurors may not convict simply on a belief that the defendant is likely guilty without supporting evidence. Id.

**B.     Count 1 as to Surtain**

Surtain argues that there is no evidence to support his conviction on Count 1 in which he is charged with conspiracy to commit mail and wire fraud in connection with the scheme to murder August to collect on the life insurance policies procured by Samuels. Surtain argues that the government charged one conspiracy where there were at least two, i.e. a conspiracy to commit mail and wire fraud to collect on the insurance policies on August's life, and a conspiracy to murder August for revenge. Surtain argues that the conspiracies had different aims and that there is no evidence that he was involved in the conspiracy regarding the life insurance policies. Surtain argues that his motive for murdering August was revenge, not financial, and that there is no evidence that he knew about the insurance policies before August's death.

  The offense of conspiracy is found in 18 U.S.C. § 371 which provides in pertinent part:

> If two or more persons conspire either to commit any offense against the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

For a jury to convict a defendant of conspiracy to commit mail or wire fraud, the government must prove beyond a reasonable doubt that: (1) the defendant and at least one other person made an agreement to commit the crimes of mail or wire fraud; (2) the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and (3) one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy. See United States v. Hernandez-Vera, 2010 WL 5299886 (5th Cir. 10/23/2010) "Each element may be inferred from circumstantial evidence; that is, the agreement may be inferred from a 'concert of action' and knowledge of a conspiracy and voluntary participation . . . may be inferred from a collection of circumstances." Id. (quoting United States v. Watkins, 591 F.3d 780, 788 (5th Cir. 2009)).

  To establish the existence of a conspiracy, the government must prove agreement on one of the objectives charged in the indictment. United States v. Berger, 224 F.3d 107, 113 (2nd Cir. 2000) (citing United States v. Papadakis, 510 F.2d 287, 297 (2nd Cir. 1975)). To obtain a conviction, the government must prove "that each defendant knowingly participated in a scheme to achieve this particular goal." Id. (citing United States v. Washington, 48 F.3d 73, 80 (2nd Cir. 1995)). It is not necessary for the conspirators to agree on the details of the plan, as long as they agreed on the

essential nature of the plan. Id. (citing United States v. Moldonado-Rivera, 922 F.2d 934, 963 (2nd Cir. 1990)).  Further, "[a] conspirator need not have agreed to commit every crime within the scope of the conspiracy, so long as it is reasonable to infer that each crime was intended to further the enterprise's affairs." United States v. Hughes, 895 F.2d 1135, 1140 (6th Cir. 1990).

There can be more than one conspiracy involved in a case, and "[a]cquittal is not automatically required if the jury finds multiple conspiracies because the jury can plausibly decide that one of those conspiracies is the single conspiracy charged in the indictment." Id. at 11 (citing United States v. Tramunti, 513 F.2d 1087, 1107-08 (2nd Cir. 1975)).  However, "acquittal is required only if the jury finds that the charged conspiracy is not one of the conspiracies that has been proved." Id. (citing Tramunti, 513 F.2d at 1107-08).  Whether the government has proved a single conspiracy or multiple conspiracies is a fact question for the jury. Id. (citing United States v. Johansen, 56 F.3d 347, 350 (2nd Cir. 1995)); United States v. Hughes, 895 F.2d at1140.

The jury charge given by the court in this case addressed multiple conspiracies:

> [Y]ou must determine whether the conspiracy charged in the indictment existed, and, if it did, whether the defendant was a member of it.  If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you find that some other conspiracy existed.  If you find that a defendant was not a member of the conspiracy charged in the indictment, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

There is sufficient evidence to sustain the jury's finding that Surtain was involved in the conspiracy to commit mail or wire fraud by murdering August to collect on the insurance policies that Samuels procured on August's life, which is the conspiracy charged in the indictment. The

evidence showed that Surtain obtained a gun and ammunition on April 24, 2004, and then was dropped off in the area where August was murdered. Further, the jury could reasonably conclude that Surtain knew about the insurance policies on August's life from Brown's testimony. Therefore, Surtain's motion for acquittal on Count 1 is DENIED.

**C.      Count 12 as to Moss and Surtain**

Moss and Surtain argue that there is insufficient evidence to maintain their convictions on Count 12 because the only evidence linking them to the van fire is telephone calls from Samuels to telephone numbers associated with Moss or Surtain. They argue that this evidence is insufficient because it requires the jury to make two inferences: (1) that Samuels, Moss, and/or Surtain participated in the telephone calls, and (2) that in the telephone calls they discussed burning the van to obstruct justice. Moss and Surtain argue that there is no evidence that they actually participated in the telephone calls, or evidence regarding the content of the conversations.

Section 844(h)(1) provides that "whoever uses fire or an explosive to commit any felony which may be prosecuted in a court of the United States . . . shall, . . . be sentenced to imprisonment for 10 years." Pursuant to 18 U.S.C. § 1512(c)(1), obstruction of justice is a felony that occurs when one "corruptly alters, destroys, mutilates, or conceals a record, document, or other object or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding."

There is no evidence that Moss or Surtain acted as principals in committing the van fire to obstruct justice. However, they were also charged with aiding and abetting Samuels in connection with committing the van fire to obstruct justice. Further "one who has been indicted as a principal

9

may be convicted on evidence showing that he merely aided and abetted the commission of the offense." United States v. Walker, 621 F.2d 163, 166 (5th Cir. 1980) (quotation omitted).

Aiding and abetting is found in 18 U.S.C. § 2, which provides:

> (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
>
> (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

For the jury to convict the defendant of aiding and abetting a crime, the government must show conduct on the defendant's part that amounts to counseling or other assistance in the prohibited activity. Grimes v. United States, 379 F.2d 791, 795 (5th Cir. 1967) (citations omitted). More specifically, "to be convicted of aiding and abetting, the defendant must have (1) been associated with a criminal venture, (2) participated in the venture, and (3) sought by action to make the venture successful." James v. Gonzales, 464 F.3d 505, 508 (5th Cir. 2006) (quoting United States v. Lombardi, 138 F.3d 559, 561 (5th Cir. 1998)). "Association means that the defendant shared in the criminal intent of the principal." Id. (quoting U. S. v. Sorrells, 145 F.3d 744, 753 (5th Cir. 1998)). "Participation means that the defendant engaged in some affirmative conduct designed to aid the venture." Id. (quoting Sorrells, 145 F.3d at 753).

Because the evidence showed that Samuels' van was used during August's murder with which Moss and Surtain were involved, the jury could logically infer that Moss and Surtain shared Samuels' intent to destroy the van by fire to obstruct justice by impairing its ability to be used as evidence in a criminal investigation. The government contends that the telephone calls between

Moss and Samuels and Surtain and Samuels the night of the fire prove that Moss and Surtain aided and abetted Samuels in destroying the van by fire to obstruct justice. The government argues that the jury could infer that they counseled Samuels about burning the van, which were affirmative acts designed to aid in committing the act.

In Grimes, 379 F.2d at 795, the United States Court of Appeals for the Fifth Circuit held that the defendant could not be held liable as an aider and abetter because he received a telephone call of unknown content from someone who was actually committing the primary offense. Further, in United States v. Galvan, 693 F.2d 417, 419 (5th Cir. 1982), the United States Court of Appeals for the Fifth Circuit held that evidence showing telephone calls between alleged conspirators absent proof of the subject matter of their conversations was insufficient to sustain a conviction. See also United States v. Williams, 264 F.3d 561, 574 (5th Cir. 2001) (evidence of telephone calls between the defendants is relevant, but is insufficient for a conviction unless the government can establish who participated in the calls and the content of their conversation); see also United States v. Powers, 168 F.3d 741, 746-47 (5th Cir. 1999) (evidence showing mere telephone calls between alleged conspirators without proof of the subject matter of the calls is insufficient for a conviction, but there was testimony regarding the content of the calls).

This case is distinguishable from Galvan. Here, Samuels, the person who was called by Moss and who called Surtain, has been convicted of use of fire to commit obstruction of justice. Also, there is evidence that establishes the identity of the callers. Fleming testified that she answered the telephone when Moss called Samuels' residence at 9:33 p.m. on May 7, 2004, and handed the telephone to Samuels. Samuels testified that he spoke with Surtain twice on the night

11

of May 7, 2004 to May 8, 2004, but that the conversations were about drugs. The jury could have used the circumstantial evidence to determine the conversations were about the burning of the van, considering the time of night at which the calls occurred, the sequence of the calls, their proximity to the van fire, and Surtain's and Moss's motive of concealing the evidence of their involvement with August's murder contained in the van. The jury may have inferred from this circumstantial evidence that Surtain and Moss counseled Samuels about the van fire, and thus aided and abetted him in committing the act. Therefore, Moss's and Surtain's motions for acquittal as to Count 12 are DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Charles Moss's Motion for Post-Verdict Judgment of Acquittal as to Count 12 Pursuant to Rule 29 of the Federal Rules of Criminal Procedure (Doc. #244) is **DENIED.**

**IT IS FURTHER ORDERED** that Jermaine Surtain's Motion for Post-Verdict Judgment of Acquittal as to Counts 1 and 12 Pursuant to Rule 29 of the Federal Rules of Criminal Procedure (Doc. #245) is **DENIED.**

New Orleans, Louisiana, this __24th__ day of May, 2011.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**