UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 09-123 |
| JERMAINE SURTAIN | SECTION: "S" |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Jermaine Surtain's **Motion and Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody** (Rec. Doc. 580, 583) are **DENIED**;

**IT IS FURTHER ORDERED** that Jermaine Surtain's **Motion for Appointment of Counsel** (Rec. Doc. 584) is **DENIED**.

BACKGROUND

This matter is before the court on Jermaine Surtaine's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Following the filing of the motion, the government filed its response opposing habeas relief. In lieu of a reply, Surtain filed a Motion to Amend the 2255 and for Appointment of Counsel. Having considered the record, the memoranda of the parties, and applicable law, the court finds that defendant is not entitled to the requested relief. The court further finds that an evidentiary hearing is not necessary because after having reviewed the full record, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Surtain was convicted on Count 1 of the Second Superseding Indictment for conspiracy

to commit mail and wire fraud and Count 12 of the Second Superseding Indictment for use of fire to commit obstruction of justice, in connection with his role in a scheme to commit murder, collect life insurance on the victim, and burn the van used in the murder. On May 29, 2013, Surtain's conviction and sentence were affirmed on appeal. United States v. Surtain, 519 F. App'x 266 (5th Cir. 2013).

Surtain's co-defendant, David Samuels, was convicted on numerous counts, including Counts 12 and 13, for use of fire to commit obstruction of justice. Following an appeal by Samuels, the United States Court of Appeals for the Fifth Circuit vacated one of Samuels' convictions on Counts 12 or 13, at the government's election, finding that it was an error to impose multiple sentences under § 844(h)(1) based on a single fire incident that facilitated two underlying felonies. Id. at 281-82. The matter was remanded to this court, and the government elected to vacate Samuels's conviction as to Count 12. On January 23, 2014, Samuels was re-sentenced accordingly, and an amended judgment was entered on January 27, 2014. In his original motion, Surtain argues that because Count 12 was dismissed as to Samuels, it must also be dismissed as to him. In his amended motion, he adds three overlapping claims: that he was not represented by counsel, that his counsel did not understand federal statutes, and that his counsel was ineffective.

## ANALYSIS

I. **Motion and Amended Motion Pursuant to 28 U.S.C. § 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the court that imposed his sentence to vacate, set aside, or correct the sentence. "Section 2255 provides the primary means

of collateral attack on a federal sentence [and] [r]elief under this section is warranted for any error that 'occurred at or prior to sentencing.' " Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990) (quoting United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980) ).

Section 2255(f) provides that a one year statute of limitations applies to § 2255 motions. The limitations period runs from the latest of—

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

For purposes of subsection 1, if the petitioner filed an effective notice of appeal, his conviction becomes final upon the expiration of the period for filing a petition for a writ of certiorari with the Supreme Court of the United States contesting the appellate court's affirmation of the conviction. Clay v. United States, 123 S. Ct. 1072, 1074 (2003). Rule 13(1) of the Rules of the Supreme Court of the United States provides that a petition for a writ of certiorari is timely when it is filed with the Clerk of the Supreme Court of the United States within 90 days after the entry of the judgment. Sup. Ct. R. 13(1).

The United States Court of Appeals for the Fifth Circuit affirmed Surtain's conviction and sentence on May 2, 2013. He did not seek a writ of certiorari from the Supreme Court of the

3

United States. Thus, his conviction became final on July 31, 2013. Surtain did not file the instant § 2255 motion until April 24, 2023, nearly ten years later. Therefore, it is untimely under § 2255(f)(1). There are no allegations that support the application of §§ 2255(f)(2), 2255(f)(3), or 2255(f)(4). Therefore, Surtain's § 2255 motion is untimely.

Further, Surtain is not entitled to equitable tolling at this time. A movant under § 2255 is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." United States v. Jackson, 470 Fed. Appx. 324 (5th Cir. 2012) (citations and quotations omitted). This standard requires "reasonable diligence, not maximum feasible diligence." Id. (citations and quotations omitted). "Equitable tolling is permissible only in rare exceptional circumstances," and is not extended "to instances of excusable neglect." Id. (citations and quotations omitted). "[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999).

Surtain has not provided any information that would justify equitable tolling. He seems to suggest that he could not previously advance his argument because the amended judgment dismissing Count 12 as to his co-defendant, entered in January 2014, was only recently made available to him. However, at the time the amended judgment was entered, Surtain was represented by counsel who received notice of the amended judgment the same day it was entered in 2014. Further, following his counsel's subsequent withdrawal, Surtain could have requested his file be turned over to him at any point and reviewed it and pursued his claim then, but he did not. On these facts, the court finds that Surtain did not pursue his rights diligently, and

there were no extraordinary circumstances stood in his way and prevented timely filing.[1]

Surtain's amended § 2255 also provides no grounds for equitable tolling, and in fact, it acknowledges that his petition is untimely. Instead, he argues that 18 U.S.C. § 3582 and Concepcion v. United States, 142 S. Ct. 2389 (2022), authorize the court to consider his habeas petition out of time. These authorities do not provide any such authorization. Surtain has not established any basis for equitable tolling, and his motion is thus time-barred.

**II. Motion for Appointment of Counsel**

There is no general constitutional right to appointed counsel in post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). The appointment of counsel is required only if an evidentiary hearing is held. United States v. Vasquez, 7 F.3d 81, 83 (5th Cir. 1993). An appointment may be made in connection with certain ancillary matters under 18 U.S.C. § 3006A(c), and, at the court's discretion, under 18 U.S.C. § 3006A(2)(b) for indigent individuals seeking relief under 28 U.S.C. §§ 2241, 2254, or 2255 when "the interests of justice so require."

In this case, the court has determined that an evidentiary hearing is not necessary. Further, because this matter, filed nearly ten years after Surtain's conviction was final, is clearly time-barred, the court finds that the interests of justice do not require the appointment of counsel. The motion to appoint counsel is therefore denied. Accordingly,

**IT IS HEREBY ORDERED** that Jermaine Surtain's **Motion and Amended Motion**

---

[1] Moreover, Surtain's argument that Count 12 should be dismissed as to him because it was dismissed as to his co-defendant is without merit, because the dismissal as to his co-defendant was based on a rationale that has no application to Surtain.

**Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody** (Rec. Doc. 580, 583) are **DENIED**;

    **IT IS FURTHER ORDERED** that Jermaine Surtain's **Motion for Appointment of Counsel** (Rec. Doc. 584) is **DENIED**.

    New Orleans, Louisiana, this  12th  day of June, 2023.

                              **MARY ANN VIAL LEMMON**
                              **UNITED STATES DISTRICT JUDGE**