UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 09-123 |
| JERMAINE SURTAIN | SECTION: "S" |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Jermaine Surtain's **Motion to Alter or Amend** (Rec. Doc. 589) the court's Order and Reasons entered on June 12, 2023 (Rec. Doc. 585) is **DENIED**.

## BACKGROUND

On June 12, 2023 this court entered an order denying defendant Jermaine Surtain's Motion and Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Rec. Doc. 580, 583) and Motion for Appointment of Counsel (Rec. Doc. 584). The court found that Surtain's § 2255, filed nearly ten years after his judgment became final, was time-barred. The court further found that because the § 2255 was so clearly time-barred an evidentiary hearing was unnecessary and the interests of justice did not require the appointment of counsel. Surtain has filed the instant Motion to Alter or Amend that ruling arguing that the court abused its discretion in failing to consider the merits of his § 2255. He appears to contend that under 18 U.S.C. § 2255 (f)(2)-(4)[1] and 18 U.S.C. § 3582 his motion was

---

[1] Section 2255(f) provides that a one year statute of limitations applies to § 2255 motions. The limitations period runs from the latest of—

timely.

## DISCUSSION

While motions for reconsideration in criminal actions "are nowhere explicitly authorized in the Federal Rules of Criminal Procedure, they are a recognized legitimate procedural device." United States v. Lewis, 921 F.2d 563, 564 (5th Cir. 1991) (citing United States v. Cook, 670 F.2d 46, 48 (5th Cir. 1982)). Courts apply the standards set forth in the Federal Rules of Civil Procedure to motions for reconsideration in the criminal context. U.S. v. Rollins, 607 F.3d 500, 502 (7th Cir. 2010) (citing U.S. v. Healy, 376 U.S. 75, 78-79 (1964)) (discussing application of civil standard to criminal actions in the context of motions for rehearing at the appellate level).

The United States Court of Appeals for the Fifth Circuit has held that if a motion for reconsideration is filed within twenty-eight days after entry of the judgment from which relief is being sought, the motion is treated as motion to alter or amend under Rule 59(e). Shepherd v.

---

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence

Int'l Paper Co., 372 F.3d 326, 328 n.1 (5th Cir. 2004) (citation omitted); see also FED. R. CIV. P. 59(e). Defendant filed the instant motion on July 5, 2020, and it is thus subject to the standards for Rule 59(e).

Rule 59(e) serves " 'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.' " Merritt Hawkins & Assocs., L.L.C. v. Gresham, 861 F.3d 143, 157 (5th Cir. 2017) (citing Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (internal quotation omitted)). Amending a judgment is appropriate under Rule 59(e): " '(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact.' " Alexander v. Wells Fargo Bank, N.A., 867 F.3d 593, 597 (5th Cir. 2017) (citing Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 (5th Cir. 2012)).

In the present case, defendant has not met any of these requirements. He points to no relevant intervening change in the law, no newly discovered evidence, and no manifest error of law or fact. He merely maintains that the court abused its discretion by not agreeing with him that his motion should be considered notwithstanding its untimeliness. As the court previously explained, Surtain's conviction became final on July 31, 2013. Surtain did not file the instant § 2255 motion until April 24, 2023, nearly ten years later. It is thus untimely under § 2255(f)(1). Despite Surtain's invocation of §§ 2255(f)(2), 2255(f)(3), and 2255(f)(4), no allegations support the application of those provisions.[2] Therefore, Surtain's § 2255 motion is untimely, and as

---

[2] See supra, note 1.

3

previously explained, he is not entitled to equitable tolling.

Finally, the court notes that Surtain invokes 18 U.S.C. §3582(c)(1)(B) as a basis for relief. That provision incorporates Rule 35 of the Federal Rules of Criminal Procedure. Rule 35 permits the court to correct clear error within 14 days of sentencing or to reduce a sentence on motion of the government's for a reduction based upon substantial assistance. Neither situation is applicable here. Accordingly,

**IT IS HEREBY ORDERED** that Jermaine Surtain's **Motion to Alter or Amend** (Rec. Doc. 589) the court's Order and Reasons entered on June 12, 2023 (Rec. Doc. 585) is **DENIED**.

New Orleans, Louisiana, this 9th day of August, 2023.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE