UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 09-123** |
| **JERMAINE SURTAIN** | **SECTION: "S" (3)** |

ORDER AND REASONS

Before the court is a letter from defendant Jermaine Surtain (Rec. Doc. 611), which the court construes as a **Motion for New Trial and to Appoint Counsel**.

**IT IS HEREBY ORDERED** that the motion is **DENIED**.

BACKGROUND

Surtain was convicted on Count 1 of the Superseding Indictment for conspiracy to commit mail and wire fraud and Count 12 of the Superseding Indictment for use of fire to commit obstruction of justice, in connection with his role in a scheme to commit murder, collect life insurance on the victim, and burn the van used in the murder. On May 29, 2013, Surtain's conviction and sentence were affirmed on appeal. United States v. Surtain, 519 F. App'x 266 (5th Cir. 2013).

Surtain's co-defendant, David Samuels, was convicted on numerous counts, including Counts 12 and 13, for use of fire to commit obstruction of justice. Following an appeal by Samuels, the United States Court of Appeals for the Fifth Circuit vacated one of Samuels' convictions on Counts 12 or 13, at the government's election, finding that it was an error to impose multiple sentences under § 844(h)(1) based on a single fire incident that facilitated two

underlying felonies. Id. at 281-82. The matter was remanded to this court, and the government elected to vacate Samuels' conviction as to Count 12. On January 23, 2014, Samuels was re-sentenced accordingly, and an amended judgment was entered on January 27, 2014.

The court previously denied Surtain's motion for § 2255 relief based on his argument that because Count 12 was dismissed as to Samuels, it must also be dismissed as to him. United States v. Surtain, 2023 WL 3949164, at *1 (E.D. La. June 12, 2023). In the instant motion, Surtain seeks a new trial arguing that his conviction in Count 12 was for aiding and abetting David Samuels' crime in Count 12, and because Samuels is no longer convicted of Count 12, Surtain's aiding and abetting conviction must be vacated. He seeks appointment of counsel to pursue this claim.

## DISCUSSION

The court first observes that Surtain's conviction in Count 12 was not for aiding and abetting, but rather for

> "knowingly caus[ing] the use of fire to commit a violation of Title 18, United States Code, Section 1512(c)(1), a felony prosecutable in a court of the United States in that defendants used fire to burn the . . . Chrysler van used in the killing of Treyor August to corruptly alter and destroy the Chrysler van, with the intent of impairing the van's integrity and availability for use in federal jury and federal trial proceedings...."

Superseding Indictment, Rec. Doc. 68, Count 12. Clearly, Surtain's conviction on Count 12 is for his own direct actions in using fire to obstruct justice, not for aiding or abetting another defendant. Thus, there is simply no basis for Surtain's argument that he is entitled to a new trial for his "aiding and abetting" conviction.

In addition, any such claim is brought too late. Rule 33 of the Federal Rules of Criminal Procedure provides that a defendant may move the court to "vacate any judgment and grant a new trial if the interest of justice so requires." If the motion is based on newly discovered evidence, it must be made within three years after the verdict. FED. R. CRIM. P. 33(b)(1). However, if the motion is made on any other ground, it must be filed within fourteen days after the verdict or finding of guilt. FED. R. CRIM. P. 33(b)(2).

In addition to the fact that Surtain offers no new evidence, but rather legal arguments. Count 12 was vacated – as to Samuels only – on July 5, 2013. Assuming the procedural interval for filing motions predicated on it did not start until then, over eleven years have passed. This is well beyond any limitation set forth in Rule 33. The instant motion is untimely.

With respect to Surtain's request for appointment of counsel, there is no general constitutional right to appointed counsel in post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). The appointment of counsel is required only if an evidentiary hearing is held. United States v. Vasquez, 7 F.3d 81, 83 (5th Cir. 1993). An appointment may be made in connection with certain ancillary matters under 18 U.S.C. § 3006A(c), and, at the court's discretion, under 18 U.S.C. § 3006A(2)(b) for indigent individuals seeking relief under 28 U.S.C. §§ 2241, 2254, or 2255 when "the interests of justice so require."

In this case, an evidentiary hearing is unnecessary, and as set forth above, the interests of justice do not require the appointment of counsel. Accordingly,

**IT IS ORDERED** that the **Motion for New Trial and to Appoint Counsel** filed by

defendant Jermaine Surtain (Rec. Doc. 611.) is **DENIED**.

New Orleans, Louisiana, this __6th__ day of November, 2024.

*[signature]*
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**